**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA D. HAYWOOD, Booking #18123564,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CA PUBLIC DEFENDER, et al.,<br><br>Defendants. | Case No.: 3:18-cv-01761-MMA-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

ERICA D. HAYWOOD ("Plaintiff"), currently detained at the San Diego Sheriff Department's Las Colinas Detention and Re-Entry Facility ("LCDF"), and proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, naming the San Diego County Public Defender, Police Department, District Attorney, a Jack in the Box franchise and McDonald's Corporation as Defendants. *See* Compl., Doc. No. 1 at 1-3.

While far from clear, it appears Plaintiff seeks to sue all these entities for harassing and causing her "problems" at "various places in two States" on "various days [and] times." *Id.* at 1, 4-6. Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), nor has she filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

///

1

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and she has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, her civil action cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant Plaintiff leave to file an IFP Motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since she is no longer entitled to that privilege, she fails to allege she faced imminent danger of serious physical injury at the time she filed her Complaint, and her claims are legally frivolous.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief
can be granted, unless the prisoner is under imminent danger of
serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III. Application to Plaintiff's Allegations

As an initial matter, the Court has reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

///

Instead, Plaintiff's rambling and disjointed Complaint appears to seek millions of dollars in general and punitive damages from several local municipal and national corporate entities based on claims that she has been "harassed" by them or their employees, who are "racially problematic," and who have "called security" and disturbed her "peace and tranquility" by making her leave their places of business on multiple unspecified occasions before she was ultimately arrested on April 14, 2018, for loitering and trespass at a Jack in the Box restaurant in San Ysidro, California. *See* Compl., Doc. No. 1 at 4-5, 8; *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

If this were not enough, Plaintiff's claims are legally frivolous. *See* 28 U.S.C. § 1915A(b)(1) (requiring sua sponte dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted."); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted); *O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir. 1990) (a complaint "is frivolous if it has no arguable basis in fact or law.").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v.*

*Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice that Plaintiff Erica D. Haywood, currently identified as San Diego County Sheriff Department's Booking #18123564,[2] while incarcerated, has had at least five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Haywood v. Fifth U.S. Circuit Court of Appeals, et al.*, Civil Case No. 4:09-cv-00202 (S.D. Texas, March 12, 2009) (Memorandum Opinion and Order granting application to proceed IFP and dismissing civil action with prejudice as "legally baseless") (Doc. Nos. 8, 9) (strike one);

2) *Haywood v. State of Georgia,* Civil Case No. 1:10-cv-00039-TWT (N.D. Georgia, Feb. 2, 2010) (Order and Opinion granting request to proceed IFP and dismissing case as frivolous pursuant to 28 U.S.C. § 1915A) (Doc. No. 3); (Feb. 3,

---

[2] Plaintiff has been previously identified in San Antonio Texas's Bexar County Adult Detention Center as Inmate #804107, and as Inmate #933519, while she was detained in the Fulton County Jail in Atlanta, Georgia. She admits to having filed one other civil action related to her "healthcare neglect," *see* Compl., Doc. No. 1 at 7, which this Court presumes is *Haywood v. Unnamed*, S. D. Cal. Civil Case No. 3:18-cv-01263-AJB-NLS ("*Haywood I*"). Plaintiff initially filed *Haywood I* in the Northern District of Georgia in May 2018, but it was transferred to the Southern District of California for lack of proper venue to the extent Plaintiff appeared to allege she was being housed in unsafe and unsanitary conditions at LCDF. *Id.*, Doc. Nos. 2, 5. On August 24, 2018, Judge Battaglia dismissed *Haywood I* however, because Plaintiff failed to satisfy 28 U.S.C. § 1914(a)'s filing fee requirement and failed to allege federal subject matter jurisdiction. *Id.*, Doc. No. 9.

5

2010) (Judgment) (Doc. No. 4) (strike two);

3) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00448-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (Doc. Nos. 14, 15) (strike three);

4) *Haywood v. Bexar County Sheriff, et al.,* Civil Case No. 5:11-cv-00467-XR (W.D. Texas) (Aug. 1, 2011) (Order & Judgment Dismissing Complaint as frivolous, for failure to state a claim, and for seeking relief from immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and § 1915A(b)(1)-(2)) (Doc. Nos. 8, 9) (strike four); and

5) *Haywood v. Bexar County, Texas, et al.*, Civil Case No. 5:11-cv-01115-FB (W.D. Texas) (Feb. 1, 2012) (Report & Recommendation ["R&R"] to Dismiss § 1983 Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A) (Doc. No. 3); (Feb. 28, 2012) (Order Adopting R&R and Judgment) (Doc. Nos. 7, 8) (strike five).

Accordingly, because Plaintiff has accumulated more than three "strikes" pursuant to § 1915(g), and she fails to make a "plausible allegation" that she faced imminent danger of serious physical injury at the time she filed her Complaint, she is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

---

[3] As a result of her litigation history, Plaintiff has also since been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Western District of Texas. *See Haywood v.*

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action sua sponte for failure to pay filing fees required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

(2) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

(3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: August 30, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

*Director Brad Livingston, et al.*, Civil Case No. 6:16-cv-00320-RP (Sept. 2, 2016) (Order Denying leave to proceed IFP and Dismissing Complaint without prejudice "pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g).") (Doc. No. 4).